**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAKEEDA S. CABBELI, | Civil Action No. 22-07222 (SDW)(CLW) |
| Plaintiff, | |
| v. | **OPINION** |
| ICU RECOVERY, | December 19, 2022 |
| Defendant. | |

**THIS MATTER** having come before this Court upon the filing of a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs by *pro se* Plaintiff Nakeeda S. Cabbeli ("Plaintiff), and the Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

**WHEREAS** 28 U.S.C. § 1915(a)(1), (e)(2) provides that if a party submits an affidavit demonstrating an inability to pay, applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs, indicates: 1) that she has no income per month; 2) her debt totals $6,277.00 per month; and she reports owning a vehicle, but has no other reported assets, (D.E. 1-1 at 1–4); and

**WHEREAS** Plaintiff's current Complaint is difficult to comprehend but appears to allege that Defendants took some form of adverse action against Plaintiff and "intentionally used a trick and scheme to obtain money and property from [Plaintiff]." (D.E. 1 at 1–5.)  The complaint does not, however, indicate specific and cognizable bases for the allegations, and instead presents conclusory statements and indecipherable allegations; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'"  *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff's Complaint puts forth general grievances and fails to provide a clear account of the factual basis for the claim.  Consequently, the facts alleged in Plaintiff's Complaint are insufficient to support a claim entitling Plaintiff to relief.  *See* FED. R. CIV. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.  Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff shall have

thirty (30) days to file an amended Complaint.  Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice.  An appropriate order follows.


        /s/ Susan D. Wigenton     

**United States District Judge**

Orig:   Clerk
cc:     Parties
       Cathy L. Waldor, U.S.M.J.